T.C. Summary Opinion 2006-66


UNITED STATES TAX COURT


WALTER JOSEPH HESS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1953-05S.          Filed April 26, 2006.


Walter Joseph Hess, pro se.

Louis H. Hill, for respondent.


FOLEY, Judge:  This case was heard pursuant to the

provisions of section 7463.[1]  The decision to be entered is not

reviewable by any other court and this opinion should not be

cited as authority.  After concessions, the remaining issues for

_____

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

decision are whether petitioner is liable for the section 6651(a)(1) addition to tax and 6662(a) accuracy-related penalty relating to his 2002 Federal income tax return.

## Background

During 2002, petitioner was the majority owner of Clinton House Associates partnership (the partnership). In addition, petitioner's father, William Hess, was a partner. On April 1, 2003, William Hess died.

On August 13, 2003, petitioner filed a Form 2688, Application for Additional Extension of Time to File U.S. Individual Income Tax Return, relating to 2002 and was granted an extension until October 15, 2003. Petitioner's accountant prepared petitioner's 2002 Form 1040, U.S. Individual Income Tax Return, and a Schedule K-1, Partner's Share of Income, Deductions, Credits, etc., relating to the partnership. The accountant, however, omitted, from the Form 1040, petitioner's allocable share of partnership income as reported on the Schedule K-1. Petitioner signed, but did not review, the Form 1040 before mailing it to respondent. Petitioner's return was received by respondent on October 23, 2003.

On October 25, 2004, respondent issued petitioner a statutory notice of deficiency relating to 2002 in which respondent determined that petitioner failed to report interest,

rental, and partnership income and was liable for the section 6651(a)(1) addition to tax for failure to file a return and section 6662(a) accuracy-related penalty.

On January 31, 2005, petitioner, while residing in Chillicothe, Ohio, filed his petition with this Court.

## Discussion

Respondent bears, and has met, the burden of production relating to the section 6651(a)(1) addition to tax and has established that petitioner failed to file his return on time. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Petitioner failed to establish, pursuant to section 6651(a)(1), that such failure was due to reasonable cause and not willful neglect. Accordingly, we sustain respondent's determination.

Respondent also bears the burden of production relating to the section 6662(a) accuracy-related penalty. Sec. 7491(c); Rule 142(a). Section 6662(a) imposes a penalty equal to 20 percent of the amount of any underpayment attributable to a substantial understatement of income tax. Sec. 6662(b)(2). An understatement is the amount by which the correct tax exceeds the tax reported on the return. Sec. 6662(d). The understatement is substantial if it exceeds the greater of $5,000 or 10 percent of the tax required to be shown on the return. Sec. 6662(d)(1)(A)(i) and (ii). Respondent conceded that petitioner

did not receive $5,619 of rental income. As a result, the amount of tax required to be shown on the return must be based on the amount determined pursuant to the Rule 155 computations. If the amount determined pursuant to such computations meets the requirements of section 6662(d)(1), petitioner will be liable for the substantial understatement penalty. See Carlson v. Commissioner, 116 T.C. 87, 109-110 (2001).

Petitioner contends that he should be excused from the section 6662(a) penalty because he relied on his accountant to determine his tax liability. Section 6664(c)(1) provides that no section 6662(a) penalty shall be imposed if there was reasonable cause for the underpayment and the taxpayer acted in good faith. Reliance on the advice of an accountant does not constitute reasonable cause and good faith if the taxpayer fails to review the return before filing it. Metra Chem Corp. v. Commissioner, 88 T.C. 654, 662 (1987). Petitioner did not review his return prior to filing it. Thus, the section 6662(a) penalty is sustained if, after the Rule 155 computations, petitioner's understatement meets the requirements of section 6662(d)(1).

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

                              Decision will be entered

under Rule 155.